UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GHAZIR G. LACAYO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4447** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "M"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Ghazir G. Lacayo, a state pretrial detainee, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the State of Louisiana, St. Tammany Parish, the Slidell Police Department, Captain Rob Callahan, and Chief of Police Freddy Drennan. Plaintiff claims that Callahan made false statements on June 23, 2006, regarding a crime plaintiff is accused of committing.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that this civil action should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief. In fact, plaintiff's claims fail for several independent reasons, as noted below.

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Prescription

In this lawsuit, plaintiff claims that, on June 23, 2006, Captain Callahan made false statements to a newspaper reporter from the New Orleans Times-Picayune regarding a crime plaintiff is alleged to have committed. Specifically, plaintiff claims that Callahan told the reporter, "We believe he [the plaintiff] fully intended to kill her. ... He accelerated fullspead ahead and rammed her without ever touching the brakes." Plaintiff claims that those comments were untrue and have discredited him in the eyes of the public prior to trial.

Even if (1) Callahan in fact made those comments, (2) they were untrue, and (3) they were in some way actionable, plaintiff has nevertheless waited too long to assert any claims based on them. It is clear that in § 1983 actions, such as the instant case, "the court looks to the forum state's personal-injury limitations period. In Louisiana, that period is one year." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (citation omitted); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002); La. Civ. Code Ann. art. 3492. "Ordinarily, a cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Price v. City of San Antonio, Texas, 431 F.3d 890, 893 (5th Cir. 2005) (quotation marks omitted). Plaintiff filed his complaint on September 16, 2008,[2] well over one year after the instant claims accrued in 2006. Accordingly, plaintiff's claims prescribed long before the complaint was filed. A complaint asserting prescribed claims is properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 Fed.

---

[2] Under the federal "mailbox rule," an inmate's *pro se* complaint is considered to have been "filed" when he presented it to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379-80 (5th Cir. 1995). This Court will consider plaintiff's complaint to have been filed on the date it was signed because that is the earliest date it could have been given to prison officials.

App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998); Francis v. United States, Civ. Action No. 07-1991, 2007 WL 2332322 (E.D. La. Aug. 13, 2007).

Further, even if plaintiff had timely asserted his claims, *which he did not*, they would nevertheless still be subject to dismissal on the following alternative grounds.

### State of Louisiana

Plaintiff named the State of Louisiana as a defendant. However, there is no apparent connection between the state and Slidell Police Department Captain Rob Callahan, the officer who made the comments at issue. Moreover, even if there were such a connection, the Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Id. at 281 (quotation marks and citations omitted). Accordingly, the State of Louisiana is an improper defendant.

### St. Tammany Parish

Plaintiff also named St. Tammany Parish as a defendant. Again, there is no apparent connection between the parish government and Captain Callahan. Further, even if such a connection existed, plaintiff has failed to state a claim against the parish government. Pursuant to Monell v.

Department of Social Services, 436 U.S. 658 (1978), and its progeny, the United States Fifth Circuit Court of Appeals has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact for the deprivation of the rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as the moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of the official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Because plaintiff has not alleged that Callahan's actions resulted from a policy or custom of the St. Tammany Parish government, he has stated no cognizable claim against that defendant.

## Slidell Police Department

The Slidell Police Department was also named as a defendant in this lawsuit. However, as was recently noted in a separate case against that defendant,

> [t]he police department is not a legal entity or person capable of being sued. The State of Louisiana grants no such legal status to any law enforcement office or department. The Slidell Police Department is not a "person" for purposes of Section 1983 liability. Under these circumstances, all claims against the Slidell Police Department must be dismissed as legally frivolous.

Miles v. Slidell Police Department, Civ. Action No. 07-8824, 2008 WL 544523, at *2 (E.D. La. Feb. 26, 2008) (citations omitted).

## Chief of Police Freddy Drennan

Plaintiff also named Chief of Police Freddy Drennan as a defendant. However, it is evident that plaintiff has stated no claim against Drennan in either his individual or official capacity.

5

Regarding individual-capacity claims, the United States Fifth Circuit Court of Appeals has noted: "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, it is clear that "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In the instant case, plaintiff has not alleged that Drennan had any personal involvement in Callahan's comments; in fact, plaintiff has made *no allegations whatsoever* against Drennan. Although he appears to be Callahan's supervisor, that fact alone is insufficient to render Drennan liable under any theory of strict liability[3] or vicarious liability[4] for federal civil rights violations allegedly committed by Callahan.

Plaintiff has also failed to state an official-capacity claim against Drennan. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, an official-capacity claim against Drennan would in reality be a claim against the local governmental body itself. However, in order to hold the local governmental body accountable for

---

[3] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[4] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

a constitutional violation, plaintiff must be able to show that (1) an employee of the local governmental body violated plaintiff's clearly established constitutional rights with subjective deliberate indifference, and (2) the violation resulted from a policy or custom adopted or maintained by the local governmental body with objective deliberate indifference. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 528-29 (5th Cir. 1999). As noted, plaintiff does not allege that Callahan's comments resulted from an official policy or custom. Even more importantly, however, it is evident that Callahan did not in fact violate plaintiff's federal constitutional rights for the reasons noted below.

### Captain Rob Callahan

Lastly, plaintiff named Captain Callahan as a defendant. Unlike the preceding defendants, Callahan would be a proper defendant *if* the claim asserted is otherwise actionable. However, it is clear that it is not.

> The United States Fifth Circuit Court of Appeals has noted:
>
> A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. Invasion of an interest in reputation alone is insufficient to establish § 1983 liability because a damaged reputation, apart from injury to a more tangible interest such as loss of employment, does not implicate any "liberty" or "property" rights sufficient to invoke due process.

Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988). Even if the Court were to assume that the comments at issue here were false and that they injured plaintiff's personal reputation in the community, he has suffered no *additional* injury as is necessary to make the defamation actionable under *federal* law. Further, that result is not changed by plaintiff's speculation that he will be unable to receive a fair trial in his state criminal proceedings because he has now been discredited "in the eyes of the public." Such speculation regarding the potential inability to receive a fair trial is simply

insufficient to support a federal defamation claim. See, e.g., Shank v. Sakal, No. CV 07-0632, 2007 WL 1381598, at *2 (D. Ariz. May 4, 2007); cf. Henderson v. Warren, No. 93-9019, 1994 WL 243154 (5th Cir. May 18, 1994) ("The sole allegation of any 'stigma plus' is that the defendants' motivation was to deprive [plaintiff] of a fair trial. There is no allegation that any such loss in fact occurred."). Moreover, in any event, adequate procedures, such as voir dire and changes of venue, exist to ensure that the fairness of plaintiff's criminal trial will be unaffected by any resulting bias against him in the general community or the pool from which his jury is ultimately chosen. Accordingly, for all of these reasons, the Court finds that plaintiff has not stated a nonfrivolous federal claim against Callahan.[5]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

---

[5] Plaintiff does not suggest in his complaint that he is asserting a claim for defamation under *state* law. However, even if he makes such a contention in an objection to this Report and recommendation, that will be of no moment. A federal court may decline to exercise supplemental jurisdiction over pendent state-law claims if all of the plaintiff's federal claims are dismissed. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [pendent] claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Bass v. Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of September, 2008.

    _____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**